1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT

8 EASTERN DISTRICT OF CALIFORNIA

9

10 | LAURA BAXTER,

11 |            Plaintiff,                        No. 2:24-cv-00827-TLN-JDP

12 |      v.

13 | MAGIC DARTS, INC., a California               **ORDER**
   | Corporation; JOHN A. BAXTER, JR., an
14 | individual; KELLY BAXTER, an
   | individual; and DOES 1-10,
15

16 |            Defendants.

17

18           This matter is before the Court on Defendants Magic Darts, Inc. ("MD"), John A. Baxter,

19 Jr. ("John"), and Kelly Baxter's ("Kelly") (collectively, "Defendants") Motion to Dismiss. (ECF

20 No. 14.) Plaintiff Laura Baxter ("Plaintiff") filed an opposition. (ECF No. 15.) Defendants filed

21 a reply. (ECF No. 17.) For the reasons set forth below, Defendants' motion is DENIED.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises from an alleged breach of business contracts between Plaintiff and Defendants.  (*See generally* ECF No. 13.)  In 2002, Plaintiff alleges she entered into an oral agreement with Defendants, under which Plaintiff was to have a 50% interest in MD, receive a 3% commission on all sales after shipping and handling, and earn a $500 weekly salary as compensation for her efforts creating and managing MD's website ("2002 Oral Agreement").  (*Id.* ¶¶ 22, 24, 25.)

In March 2021, Defendants presented Plaintiff with a letter which contained an employment offer that her employment with MD would "be at [her] discretion only ever" ("2021 Employment Contract").  (*Id.* ¶ 34.)  In July 2021, Plaintiff alleges she spoke with Defendants regarding the 2021 Employment Contract, and Defendants represented that Plaintiff would have continued employment and that she could not be terminated for any reason.  (*Id.*)

That same month, Defendants allegedly instructed Plaintiff's son to travel to Las Vegas to ensure Plaintiff signed a shareholder redemption agreement ("Shareholder Agreement"), under which Plaintiff was to have only a 10% interest in MD, and have Plaintiff acknowledge the 2021 Employment Contract.  (*Id.* ¶ 38.)  Plaintiff alleges her son told her failure to sign the Shareholder Agreement and agree to the 2021 Employment Contract would lead to the dissolution of her interest in MD.  (*Id.* ¶ 39.)  Plaintiff's son urged her not to be greedy, asserting her 10% interest was worth $1,000,000 based on MD's $10,000,000 value.  (*Id.*)  Plaintiff alleges, based on her son's representations, she signed the Shareholder Agreement.  (*Id.*)

Plaintiff alleges that beginning in May 2022, she could no longer access information which was essential to enable her to perform her work and her access to software was revoked multiple times.  (*Id.* ¶ 43.)  In November 2022, Defendants switched their selling platform to Shopify, and Plaintiff alleges she never received Shopify training and was denied administrative privileges to Shopify.  (*Id.* ¶ 46.)  Plaintiff alleges that in February 2023, she was unable to access her email accounts.  (*Id.* ¶ 47.)  Plaintiff alleges being locked out of MD's online platforms prevented her from performing any meaningful work.  (*Id.* ¶ 48.)

///

Around April 3, 2023, Defendants terminated Plaintiff for failing to access Shopify since February 8, 2023, and for not providing meaningful work.  (*Id.* ¶ 49.)  Plaintiff alleges that around the same time, she received a letter from Defendants stating her interest in MD was valued at $246,619, based on a company valuation of $2,466,193.99.  (*Id.* ¶ 50.)  After her termination, Plaintiff alleges she learned her commission payout included deductions for shipping costs, returns, loyalty point orders, and the cost of goods.  (*Id.* ¶ 51.)  Plaintiff alleges Defendants did not inform her of any changes to the commission structure before her termination.  (*Id.*)

Throughout her employment, Defendants issued Plaintiff an annual 1099 for the services she provided.  (*Id.* ¶ 53.)  Plaintiff alleges Defendants used company funds to buy real property for personal use and transferred company assets into their personal names or entities they control, intending to devalue MD.  (*Id.* ¶¶ 55–56.)  Apart from the K1 Plaintiff received in August 2022, Plaintiff alleges she was never given any financial statements or records related to the business.  (*Id.* ¶¶ 44, 52.)  Plaintiff further alleges, despite being a shareholder, she was never included in any annual board meetings or presented with any information as it related to the business being conducted in the board meetings.  (*Id.* ¶ 40.)

Following this Court's Order on Defendants' prior Motion to Dismiss (ECF No. 12), Plaintiff filed the operative First Amended Complaint ("FAC") on April 28, 2025.  (*See* ECF No. 13.)  The FAC alleges the following claims: (1) breach of employment contract; (2) breach of fiduciary duty; (3) constructive fraud; (4) intentional misrepresentation; and (5) negligent misrepresentation.  (*See id.*)  On May 19, 2025, Defendants filed the instant Motion to Dismiss.  (ECF No. 14.)

## II.    STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the

3

grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more

1  than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility

2  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

3  experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or

4  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

5  dismissed. *Id.* at 680 (internal quotations omitted).

6       In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits

7  thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 or

8  incorporated by reference. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988);

9  *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998);

10  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

11      If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

12  amend even if no request to amend the pleading was made, unless it determines that the pleading

13  could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

14  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

15  *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

16  denying leave to amend when amendment would be futile). Although a district court should

17  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

18  deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

19  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

20  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

21      **III.    ANALYSIS**

22      Defendants move to dismiss Plaintiff's first claim for breach of employment contract,

23  fourth claim for intentional misrepresentation and fifth claim for negligent misrepresentation.

24  (ECF No. 14-1 at 9–17.) The Court will address each claim in turn.

25      A.    Claim One (Breach of Employment Contract)

26      Defendants argue Plaintiff has not plead facts sufficient to demonstrate Defendants

27

28

5

breached the 2021 Employment Contract.[1]  (*Id.* at 9–12.)  First, Defendants argue Plaintiff attempts to avoid the defects of her original complaint by adding conclusory facts inconsistent with those of her previous pleading, which is prohibited by the sham pleading doctrine.  (*Id.* at 11–12.)  Specifically, Defendants contend — despite alleging she entered into an at-will employment agreement in her original complaint — Plaintiff now alleges she entered into an oral and written employment contract wherein it was agreed and promised that her employment would only be terminated for cause.  (*Id.* at 11 (citing ECF No. 13 ¶¶ 60, 82).)  Second, Defendants argue the Court should disregard Plaintiff's allegations that she entered into a for-cause employment agreement with Defendants because such allegations are not based on any information that makes the inference of a for-cause relationship plausible.  (*Id.* at 12.) Defendants contend without sufficient facts to support her claim that a for-cause employment relationship existed between Plaintiff and Defendants, Plaintiff cannot overcome California's presumption of at-will employment.  (*Id.*)

In opposition, Plaintiff contends the new allegations in the FAC do not contradict any of the allegations asserted in the original complaint.[2]  (ECF No. 15 at 7.) Plaintiff argues an

---

[1]    Plaintiff alleges Defendants breached two separate contracts: (1) the 2002 Oral Agreement and (2) the 2021 Employment Contract.  (ECF No. 13 at 14–15.)  Defendants do not make arguments as to the 2002 Oral Agreement and as such, it is not discussed herein.

[2]    Plaintiff also states —without any explanation— that the complaint is unverified.  (ECF No. 15 at 7.)  Because Plaintiff's single-sentence argument is devoid of any meaningful analysis or discussion, the Court disregards it.

Additionally, Plaintiff states that none of the allegations from her original complaint were omitted from the amended pleading.  (*Id.*)  As Defendants point out, Plaintiff's argument is irrelevant because Defendants do not assert that Plaintiff removed or omitted any facts from her original complaint.  (ECF No. 17 at 5.)  Rather, Defendants contend Plaintiff's new allegations in her FAC contradict previously made allegations.  (*Id.*)  The Court agrees and therefore, also disregards Plaintiff's second argument.

Finally, Plaintiff argues there was sufficient consideration provided in exchange for the promise of for-cause employment; the 2021 Employment Contract was not fully integrated; and she was an independent contractor.  (ECF No. 15 at 9–12.)  The Court finds the arguments confusing and underdeveloped but ultimately, does not need to reach them based on Plaintiff's allegation regarding an express for-cause agreement.

6

1    inference that Defendants only terminated for cause can be drawn from Defendants' lack of

2    formal policies and procedures.[3]  (*Id.* at 11.)

3          Under California law, when an employee's term of employment is not specified in an

4    employment contract, document, or oral agreement, the employment is considered "at-will,"

5    meaning it may be terminated by either party.  *Pomeroy v. Wal-Mart Stores, Inc.*, 834 F. Supp. 2d

6    964, 973 (E.D. Cal. 2011); *see* Cal. Labor Code § 2922 ("An employment, having no specified

7    term, may be terminated at the will of either party on notice to the other.").  In the absence of

8    evidence regarding the duration or term of employment, there is a statutory presumption of at-will

9    employment, and either party may terminate the employment at any time.  *Eisenberg v. Alameda*

10   *Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1386 (1999).  This presumption can only be rebutted by

11   evidence of an express or implied agreement that termination can occur only "for cause."  *Hoy v.*

12   *Sears, Roebuck & Company*, 861 F. Supp. 881, 885 (N.D. Cal. 1994).  The California Supreme

13   Court has identified a number of factors that may suggest that an implied agreement exists: "the

14   personnel policies or practices of the employer, the employee's longevity of service, actions or

15   communications by the employer reflecting assurances of continued employment, and the

16   practices of the industry in which the employee is engaged."  *Foley v. Interactive Data Corp.*, 47

17   Cal.3d 654, 680 (1988).

18         The Court previously addressed the sufficiency of Plaintiffs' allegations as to her breach

19   of contract claim.  (ECF No. 12 at 8–10.)  The Court found Plaintiff failed to allege a breach of

20   contract claim as to the 2021 Employment Contract because she had not plead sufficient

21   allegations to rebut the presumption that her employment was at-will.  (*Id.* at 9.)  Specifically,

22   Plaintiff had not plead the existence of an express for-cause agreement, nor had Plaintiff plead

23   facts, policies, practices, discussions, or communications between herself and Defendants that

24   would suggest the existence of an implied for-cause agreement.  (*Id.*)

25         To address the deficiency, Plaintiff now alleges: she entered into an oral and written

26   _____

27   [3]    In reply, Defendants argue Plaintiff's allegations are insufficient to establish an implied
     for-cause agreement.  (ECF No. 17 at 9.)  However, as discussed below, Plaintiff has alleged an
     express for-cause agreement with Defendant.  (ECF No. 13 ¶ 34.)  Thus, Plaintiff need not allege

28   facts sufficient to establish an implied for-cause agreement.

1    employment contract, wherein it was agreed and promised that her employment would only be

2    terminated for-cause; Kelly reassured Plaintiff her employment would not be terminated without

3    cause; and Plaintiff agreed to accept the written employment offer in reliance on Kelly's

4    assurances.  (ECF No. 13 ¶ 34.)  Plaintiff also alleges Defendants did not have a written employee

5    handbook during Plaintiff's twenty four years of employment, and she believed it was the policy

6    and practice of Defendants not to terminate an employee without cause as she never witnessed

7    Defendants terminate any employee without cause.  (*Id.* ¶ 35.)

8            As an initial matter, the Court finds the allegations in Plaintiff's FAC are not contradictory

9    to the allegations in her previous pleading.  In the original pleading, Plaintiff did not allege an at-

10   will employment relationship existed.  Instead, the Court drew the conclusion that an at-will

11   employment relationship existed based on the lack of evidence of an express or implied for cause

12   agreement to rebut the statutory presumption of at-will employment.  (*See* ECF No. 12 at 9–10.)

13   While Plaintiff's new allegation that Kelly made oral representations of a for-cause employment

14   relationship between Plaintiff and Defendant may lack credibility, it does not contradict previous

15   allegations.  As such, the sham pleading doctrine is inapplicable.

16           Further, while the Court is concerned that Plaintiff's allegations — (1) Plaintiff entered

17   into an oral and written employment contract, wherein it was agreed and promised that her

18   employment would only be terminated for cause and (2) Plaintiff received continued reassurance

19   from Kelly that her employment would not be terminated without cause — are made upon

20   information and belief and is skeptical about the ultimate viability of the claim, at this stage, the

21   Court must draw all reasonable inferences in Plaintiff's favor.  Here, Plaintiff alleges she spoke

22   with Kelly regarding the 2021 Employment Contract, Kelly represented Plaintiff could not be

23   terminated for any reason, and Kelly reassured Plaintiff that her employment would not be

24   terminated without cause.  (ECF No. 13 ¶ 34.)  Thus, drawing all reasonable inferences in

25   Plaintiff's favor, the Court finds Plaintiff has alleged sufficient facts to rebut the presumption of

26   at-will employment.[4]  *Hoy*, 861 F. Supp. at 885 (stating the at will presumption can only be

27   _____

28   [4]        Plaintiff also argues there was sufficient consideration provided in exchange for the
     promise of for-cause employment; the 2021 Employment Contract was not fully integrated; and

8

1  rebutted by evidence of an express or implied agreement that termination can occur only "for

2  cause.")

3         Accordingly, the Court DENIES Defendants' Motion to Dismiss Plaintiff's breach of

4  contract claim.

5                B.      Claims Four and Five (Intentional and Negligent Misrepresentation)

6         The elements of an intentional misrepresentation claim are (1) a misrepresentation, (2)

7  defendant's knowledge of falsity, (3) defendant's intent to induce Plaintiff's reliance, (4)

8  plaintiff's actual and justifiable reliance, and (5) resulting damage.  *West v. JP Morgan Chase*

9  *Bank, N.A.*, 214 Cal. App. 4th 780, 793 (2013); *Majd v. Bank of Am., N.A.*, 243 Cal. App. 4th

10  1293, 1307 (2015).  The elements of a negligent misrepresentation claim are nearly identical,

11  except the second element requires instead establishing defendant's lack of reasonable grounds

12  for believing the fact was true.  *West*, 214 Cal. App. 4th at 792.

13        Defendants contend Plaintiff alleges four representations serve as the basis for her

14  misrepresentation claims: (1) a statement in 2002 that she was a 50% owner of MD; (2) a

15  statement in 2021 that she would retain perpetual employment with MD; (3) a statement in July

16  of 2021 that Plaintiff's 10% interest in the Company had a value of $1,000,000; and (4) a

17  statement that Plaintiff could not be an employee because she resided out of state.  (ECF No. 14-1

18  at 16.)  Defendants argue Plaintiff does not allege facts to suggest Defendants made the purported

19  misrepresentations with knowledge of falsity or with no reasonable grounds for believing the

20  representations were true at the time they were made.  (*Id*. at 15, 18.)

21        In opposition, Plaintiff argues Rule 9(b) permits malice, intent, knowledge or other

22  conditions of a person's mind to be alleged generally.  (ECF No. 15 at 13.)  Plaintiff contends

23  Defendants' state of mind can be reasonably inferred from the conduct alleged in the FAC.  (*Id.* at

24  14.)

25        Upon review of the FAC, the Court finds Plaintiff generally alleges Defendants knew or

26

27  _____

she was an independent contractor.  (ECF No. 15 at 9–12.)  The Court finds the arguments
confusing and underdeveloped but ultimately, does not need to reach them based on Plaintiff's

28  allegation regarding an express for-cause agreement.

1    should have known the representations made were false and had no reasonable grounds for

2    believing the representations were true when made.  (ECF No. 13 ¶¶ 83, 93.)  For example, with

3    respect to the alleged misrepresentations regarding Plaintiff's employment, Plaintiff alleges

4    Defendants falsely claimed Plaintiff could not be an employee and in doing so, excluded her from

5    employment benefits to which she otherwise would have been entitled.  (*Id.* ¶¶ 53–57; ECF No.

6    15 at 14.)  Plaintiff argues Defendants, as her employers and owners of the entity, would have

7    known about the falsity of the representations made.  Drawing all reasonable inferences in

8    Plaintiff's favor and considering the totality of the allegations, the Court finds Plaintiff has

9    alleged sufficient facts to establish scienter.

10            Accordingly, the Court DENIES Defendants' Motion to Dismiss Plaintiff's intentional

11    and negligent misrepresentation claims.

12          **IV.    CONCLUSION**

13            For the foregoing reasons, the Court hereby DENIES Defendants' Motion to Dismiss

14    (ECF No. 14).  Defendants shall file a responsive pleading not later than twenty-one (21) days

15    from the date of this Order.

16            The Court acknowledges that, in the conclusion paragraph of her opposition as in her

17    previous opposition to Defendants' Motion to Dismiss, Plaintiff requests leave to amend her

18    complaint to add additional claims arising under the Employee Retirement Income Security Act

19    for breach of fiduciary duty for the exclusion from an employer defined benefit plan and for

20    misclassification as an independent contractor and related wage and hour claims under California

21    labor laws.  Under Rule 15, a party may amend its pleading only with the opposing party's

22    written consent or the Court's leave.  Fed. R. Civ. P. 15(a)(2).  Under Rule 16, a party seeking the

23    Court's leave must show "good cause" for amendment.  Fed. R. Civ. P. 16(b)(4).  Plaintiff's

24    request is devoid of any such showing and therefore the Court DENIES Plaintiff's request for

25    leave to amend to add new claims.

26    //

27    //

28    //

1    IT IS SO ORDERED.

2    Date: November 25, 2025

3                                        Troy L. Nunley
                                         Chief United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28